UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,      CRIMINAL NO. 22-MJ-30017

    Plaintiff      Original District No. 18CR00430

v.

**ALEXIS DOMINIQUE SULLIVAN,**

    Defendant.
_____/

## GOVERNMENT'S PETITION FOR TRANSFER OF DEFENDANT TO ANOTHER DISTRICT AND SUPPORTING BRIEF

Pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, the United States of America hereby petitions the Court for an order transferring defendant, **ALEXIS DOMINIQUE SULLIVAN** to answer to supervised release violation allegations pending in another federal district, and states:

1. On **January 11, 2022**, defendant was arrested in the Eastern District of Michigan in connection with a federal arrest warrant issued in the **District of South Carolina based on a Petition.** Defendant is charged in that district with a violation of **Supervised Release**.

2. Rule 32.1 requires this Court to determine whether defendant is the person named in the arrest warrant and is entitled to a preliminary hearing as described in Rule 32.1(b)(1).

WHEREFORE, the government requests this Court to conduct transfer proceedings in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure.

        Respectfully submitted

        DAWN ISON
        United States Attorney

        s/Robert White
        ROBERT WHITE
        Assistant U.S. Attorney
        211 W. Fort Street, Ste 2001
        Detroit, Michigan 48226

Dated: January 12, 2022

≫Prob 12C
(Rev. 10/20 - D/SC)

# United States District Court

for

### District of South Carolina

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Alexis Dominique Sullivan   **Case Number:** 6:18CR00430-01

**Name of Sentencing Judicial Officer:** The Honorable C. Ashley Royal, Chief U. S. District Judge
Middle District of Georgia

**Date of Original Sentence:** October 11, 2017

**Original Offense:** Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C)

**Original Sentence:** The defendant was committed to the custody of the Bureau of Prisons for 15 months followed by 3 years supervised release. The following special conditions were imposed: (1) You shall participate in a program of drug and alcohol testing and treatment. The U.S. Probation Office shall administratively supervise your participation in the program by approving the program, administering the testing, and supervising the treatment. You shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the Court approved, "U.S. Probation Office's Sliding Scale for Services," and shall cooperate in securing and applicable third-party payment, such as insurance or Medicaid; (2) You shall participate in a mental health treatment program and comply with the treatment regimen of your mental health provider. The U.S. Probation Office shall administratively supervise your participation in the program by approving the program, administering the testing, and supervising the treatment. You shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the Court approved, "U.S. Probation Office's Sliding Scale for Services," and shall cooperate in securing and applicable third-party payment, such as insurance or Medicaid; (3) and a $100 special assessment fee.

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** November 14, 2017

**Assistant U.S. Attorney:** Carrie Fisher-Sherard   **Defense Attorney:** Benjamin Stepp

**Previous Court Action/Notifications:** On April 3, 2018, the defendant's conditions of supervision were modified in the Middle District of Georgia to include participation in a cognitive behavioral treatment program.

On April 18, 2018, jurisdiction was transferred to the District of South Carolina and the case assigned to the Honorable Henry M. Herlong, Jr., Senior United States District Judge.

On June 4, 2018, the Court was advised that the defendant provided a diluted urine specimen on March 1, 2018, and tested positive for methamphetamine, amphetamine, cocaine, and marijuana on March 22, 2018. At that time no punitive action was requested from the Court and the defendant was referred for a mental health evaluation and her drug counseling sessions were increased.

Prob 12C  
(Rev. 10/20 - D/SC)

Page 2

On October 16, 2018, the Court was advised that the defendant tested positive for the use of cocaine on September 24, 2018. No punitive action was requested from the Court and the defendant's substance abuse counseling sessions were increased.

On November 16, 2018, the defendant's conditions of supervision were modified to include 90 days GPS location monitoring due to her failure to comply with mental health counseling and the use of controlled substances.

On October 1, 2019, the defendant's supervision was revoked after being found in violation of new criminal conduct and use of illegal drugs. The defendant was committed to the custody of the Bureau of Prisons for 18 months followed by 12 months supervised release. The following special conditions were imposed: (1) The defendant shall participate in a program of Mental Health Treatment as directed by the probation officer until recommended for release from the program. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the U.S. Probation Office's Sliding Scale for Services and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid; (2) The defendant must take all mental health medications that are prescribed by the treating physician. The defendant must contribute to the cost of such program not to exceed the amount determined reasonable by the court approved "U.S. Probation Office's Sliding Scale for Services," and will cooperate in securing any applicable third-party payment, such as insurance or Medicaid; and (3) The defendant shall participate in an inpatient/outpatient program of testing and treatment for substance abuse as directed and supervised by the probation officer, and follow the rules of that program. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the U.S. Probation Office's Sliding Scale for Services and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. The defendant's current term of supervised release commenced on February 9, 2021.

## PETITIONING THE COURT

☒ To issue a warrant (petition and warrant to remain under seal)

☐ To issue a summons

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Leaving the District of South Carolina Without Permission**: On or about November 17, 2021, the defendant left the District of South Carolina without first getting permission from the Court or probation officer. According to an officer with the Canada Border Services Agency in Ontario, Canada, the defendant is currently in their custody pending criminal investigation. |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   November 19, 2021

*/s/ Nathan Backus*

Nathan R. Backus  
U.S. Probation Officer

Prob 12C
(Rev. 10/20 - D/SC)

Page 3

Reviewed and Approved By:

*Elizabeth G. Magera*
Elizabeth G. Magera
Supervising U.S. Probation Officer

## THE COURT ORDERS:

☐ No action.

X The issuance of a warrant.

**The Petition and Warrant shall remain under seal until served by the United States Marshal Service.**

☐ The issuance of a summons.

## BOND CONSIDERATION:

X Bond to be set at the discretion of the United States Magistrate Judge.

☐ No bond to be set.

☐ Other (specify):

*Henry M. Herlong, Jr.*
Henry M. Herlong, Jr.
Senior United States District Judge

November 22, 2021
Date